1   Nicholas D. Jurkowitz, SBN 261283
      *njurkowitz@fentonlawgroup.com*
2   Alexandra de Rivera, SBN 296388
      *aderivera@fentonlawgroup.com*
3   **FENTON LAW GROUP LLP**
    1990 S. Bundy Drive, Suite 777
4   Los Angeles, CA  90025
    Telephone:  310-444-5244
5   Facsimile:  310-444-5280

6   Attorneys for Defendants
    Mario Ortiz, Roger Ortiz, Rolando Valdivia;
7   Únete Healthcare Associates, L.L.C.

8

9                   **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                       **WESTERN DIVISION**

12

13  AMERICAN CAREER COLLEGE,           CASE NO.:
    INC., A CALIFORNIA
14  CORPORATION, AND WEST COAST
    UNIVERSITY, INC., A CALIFORNIA     **NOTICE OF REMOVAL OF CIVIL**
15  CORPORATION,                       **ACTION UNDER 28 U.S.C. §§ 1331,**
                                       **1441(a)**
16              PLAINTIFFS,

17      VS.

18  MARIO OSWALDO MEDINA, SR.
    A/K/A MARIO OSWALDO MEDINA
19  ORTIZ, A/K/A MARIO OSWALDO
    ORTIZ, A/KA MARIO M ORTIZ,
20  A/K/A MARIO OSWALDO MEDINO
    A/K/A, MARIO ORTIZ
21  MEDINA, AN INDIVIDUAL; ROGER
    ADOLFO ORTIZ, A/K/A ROGER
22  ORTIZ, A/K/A ROGER AOFL ORTIZ,
23  MEDINA, AN INDIVIDUAL;
    ROLANDO VALDIVIA, A/K/A RAUL
24  VALDEZ; A/K/A RAUL VAL, AN
    INDIVIDUAL; ÚNETE HEALTHCARE
25  ASSOCIATES, L.L.C, DBA PRONTO
26  WELLNESS, A CALIFORNIA
27

28

FENTON LAW
GROUP LLP

LIMITED LIABILITY COMPANY,
AND DOES 1 -100, INCLUSIVE.

DEFENDANTS.

1

**NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. §§ 1331, 1441(a)**

1   **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**

2   **RECORD:**

3        PLEASE TAKE NOTICE that Defendants Mario Ortiz, Roger Ortiz,

4   Rolando Valdivia; Únete Healthcare Associates, LLC. dba Pronto Wellness

5   ("Pronto") (collectively, "Defendants") hereby remove this action from the

6   Superior Court of the State of California for the County of Los Angeles (henceforth

7   "Los Angeles County Superior Court"), to the United States District Court for the

8   Central District of California, pursuant to 28 U.S.C. §§ 1331 and 1441(a). The

9   following facts are submitted in support of this Notice of Removal:

10                                **THE REMOVED CASE**

11        1.     On December 22, 2020, Plaintiffs American Career College, Inc. and

12   West Coast University, Inc. ("Plaintiffs") filed a Complaint for Damages in the Los

13   Angeles County Superior Court, styled as American Career College, Inc., et al. v.

14   Mario Ortiz, et al., Case No. 20STCV48985 (the "Complaint").  A true and correct

15   copy of the complaint is attached hereto as Exhibit A.

16        2.     Plaintiff alleges eight causes of action against each defendant: 1)

17   Violation of the Computer Data Access and Fraud Act (Cal. Pen. Code § 502); 2)

18   Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18

19   U.S.C., §§ 1961(5), 1962(b)) 3) Conspiracy to Engage in a Pattern of Racketeering

20   pursuant to RICO (18 U.S.C. §§ 1961(5), 1862(d)); 4) Misappropriation of Trade

21   Secrets (Cal. Civ. Code § 3426, et seq.); 5) Threatened Misappropriation of Trade

22   Secrets (Cal. Civ. Code § 3426, set seq.); 6) Tortious Interference with Prospective

23   Economic Advantage; 7) Fraud and Deceit –Intentional Misrepresentation; and 8)

24   Fraud and Deceit – Concealment.

25        3.     This is a civil action over which this Court has original jurisdiction

26   under 28 U.S.C. § 1331 and may be removed to this Court by defendants pursuant

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1441(a)**

to 28 U.S.C. § 1441 because it is a civil action arising under the laws of the United States of America.

### THE REMOVAL IS TIMELY

4.     A notice of removal must be filed "within 30 days after the receipt by defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

5.     On or about December 31, 2020, the Defendant Rolando Valdivia was served a copy of the Summons and Complaint.

6.     Having been put on notice of the filing of the Complaint, Defendants seek to remove this matter to the United States District Court for the Central District of California.  This removal therefore is timely. See 28 U.S.C. § 1446(b)(1).

### THIS COURT HAS ORIGINAL JURISDICTION OVER THE CASE BECAUSE IT ARISES UNDER FEDERAL LAW

7.     This action arises under federal law, specifically, the Civil Actions for Violation of RICO (18 U.S.C., §§ 1961(5), 1962(b)) 3) and Conspiracy to Engage in a Pattern of Racketeering pursuant to RICO (18 U.S.C. §§ 1961(5), 1862(d)), as stated in Plaintiffs' second and third causes of action.

### THIS COURT HAS SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367(a)

8.     Plaintiffs' remaining causes of action, Violation of the Computer Data Access and Fraud Act (Cal. Pen. Code § 502; Misappropriation of Trade Secrets (Cal. Civ. Code § 3426, et seq.); Threatened Misappropriation of Trade Secrets (Cal. Civ. Code § 3426, set seq.); Tortious Interference with Prospective Economic Advantage; Fraud and Deceit –Intentional Misrepresentation; and Fraud and Deceit – Concealment., are claims over which the Court may properly

-1-

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1441(a)**

exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because they are so related to Plaintiffs RICO causes of action so as to be "part of the same case or controversy." The Supreme Court has held that "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 547 (2005).

9.      Plaintiffs' remaining causes of action share the same factual basis as the federal claim and allege that Defendants Valdivia and Medina failed to disclose their personal relationship with Defendant Ortiz and its owner Defendant Pronto, a provider of clinical management solutions.  Plaintiffs, without knowing of this relationship, entered into a contractual agreement with Defendant Pronto.  Plaintiffs now allege, among other things, that Defendants improperly accessed trade secrets and computer databases, increased prices for third party services, and received improper kickbacks.  (Exhibit A, Complaint, pp. 7-8, ¶¶ 43-44, 50-53.)

**THE OTHER REQUIREMENTS FOR REMOVAL ARE MET**

10.      The place where the state court action was filed—the Los Angeles Superior Court—is located within the Central District of California, Western Division. 28 U.S.C. § 84(c)(2). This Notice of Removal therefore is properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

11.      No process, pleadings, or orders have been served upon Defendants in the state court action. See 28 U.S.C. § 1446(a).

12.      As set forth above, this Notice is both timely and proper under 28 U.S.C. § 1446(b).

13.      There are no additional defendants who do not consent and join in this removal.

-2-

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1441(a)**

FENTON LAW
GROUP LLP

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to Plaintiff and shall file a copy of this Notice with the Clerk of the Los Angeles County Superior Court, which shall affect the removal and the state court action shall proceed no further.

## CONCLUSION

15.     Accordingly, Defendants remove this action, now pending in the Los Angeles County Superior Court to this Court for all purposes, including trial. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to amend this Notice of Removal and present a written brief and oral argument in support of its position that this case is properly removable.

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses, including but not necessarily limited to, the defenses of (i) lack of jurisdiction, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable parties, or (viii) any other procedural or substantive defenses available under state or federal law.

WHEREFORE, Defendants pray that the above action now pending in the Los Angeles Superior Court be removed therefrom to this Court.

Dated: January 25, 2021          FENTON LAW GROUP, LLP


By:     _____/s/_____
        Nicholas Jurkowitz
        Attorneys for PLAINTIFF

-3-

**NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. §§ 1331, 1441(a)**

FENTON LAW
GROUP LLP