## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#12(4/19)

| Case No. | CV 21-698 PSG (SKx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | American Career College, Inc. et al v. Mario Oswaldo Medina, Sr., et al | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **The Court DENIES the motion to dismiss**

Before the Court is a motion to dismiss the First Amended Complaint ("FAC") filed by Defendants Mario Oswaldo Medina, Sr., ("Medina"), Roger Adolfo Ortiz ("Ortiz"), Rolando Valdivia ("Valdivia"), and Unete Healthcare Associates, LLC ("Unete") ("collectively, "Defendants"). *See generally* Dkt. # 12 ("*Mot.*"). Plaintiffs American Career College, Inc. ("ACC") and West Coast University, Inc. ("WCU") (collectively, "Plaintiffs"), opposed, *see generally* Dkt. # 14 ("*Opp.*"), and Defendants replied, *see generally* Dkt. # 15 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion.

The Local Rules and this Court's standing order require counsel to meet and confer at least seven days prior to filing a motion like the one at issue. *See* L.R. 7-3; *Standing Order* ¶ 5(b). Local Rule 7-3 states:

In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | April 15, 2021 |
|---|---|---|---|
| Title | American Career College, Inc. et al v. Mario Oswaldo Medina, Sr., et al | | |

The Court's Standing Order states:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a
> prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion
> and any potential resolution." Counsel should discuss the issues to a sufficient degree
> that if a motion is still necessary, the briefing may be directed to those substantive issues
> requiring resolution by the Court. Counsel should resolve minor procedural or otherwise
> non-substantive matters during the conference.

*Standing Order* ¶ 5(b).

Defendants' notice of motion does not contain any statement regarding the parties'
attempts to meet and confer about the issues in the motion. *See Notice of Motion*, Dkt. # 12 at 2.
Further, in their opposition, Plaintiffs state that Defendants failed to confer with Plaintiffs until
March 5, only four days before the instant motion was filed. *Opp*. 8:21–9:4. When Defendants
finally notified Plaintiffs of their intent to file a motion, Defendants' meet and confer letter was
insufficient for several additional reasons. The letter "consist[ed] of five sentences, two of
which confirm[ed] receipt of the FAC and note[d] that new claims were added." *Id*. 9:14–15.
The three substantive sentences were "conclusory and vague," and "fail[ed] to identify any legal
deficiency in the FAC" or "cite to any legal authority." *Id*. 9:16–17. Importantly, "the letter
fail[ed] to address any differences between the FAC and the Complaint." *Id*. 9:17–18. Plaintiffs
also informed the Court that Defendants failed to meet and confer before filing their first motion
to dismiss the original complaint. *Id*.

In reply, Defendants admit that they failed to comply with the meet and confer
requirement and explain that "the delay was inadvertent and due to a switch in personnel during
the pendency of an associate's maternity leave." *Reply* 2:17–20. However, Defendants state a
more meaningful meet and confer would not have resolved any issues because "upon review of
the Plaintiffs' Opposition, Defendants stand by the Motion and its effort to dismiss each cause of
action therein." *Id*. 3:1–6.

Defendants' briefing illustrates why adhering to the meet and confer requirement is
important. For example, Defendants move to dismiss Plaintiffs' civil RICO claim because
Plaintiffs' two alleged predicate offenses (extortion and theft by deceit) are not proper RICO
predicate offenses. *Mot*. at 6–8. However, the motion fails to address that the FAC alleges an
additional three RICO predicate offenses (mail fraud, wire fraud, and theft of trade secrets).
*FAC* ¶ 69. Accordingly, even if Defendants are correct that the FAC fails to plead extortion and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-698 PSG (SKx) | | Date | April 15, 2021 |
|---|---|---|---|---|
| Title | American Career College, Inc. et al v. Mario Oswaldo Medina, Sr., et al | | | |

theft by deceit as predicate offenses, the RICO claim would not necessarily fail because the FAC lists three additional offenses.[1]  Had the parties properly met and conferred, Defendants' would not have briefed legally irrelevant issues.

The Court generally does not excuse noncompliance with Rule 7-3, and it will not do so here.  The meet-and-confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner."  *See Caldera v. J.M. Smucker Co.*, CV12-4936 GHK (VBKx), 2013 WL 6987905, at *1 (C.D. Cal. Jun. 3, 2013) (internal quotations omitted).  This is especially true in this case, where both parties could have benefitted from discussing the changes Plaintiffs made to the original complaint through submission of the FAC.

Accordingly, because this Court is "unwilling to excuse non-compliance with the Local Rules," *see Superbalife Int'l v. Powerpay*, No. CV 08-5099 PSG, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008), the Court **DENIES** Defendants' motion without prejudice.

**IT IS SO ORDERED.**

---

[1] In their reply, Defendants argue that the FAC's allegations regarding wire fraud, mail fraud, and theft of trade secrets are also insufficient.  *Reply* 3:18–4:4.  However, these arguments do not adequately challenge Plaintiffs' RICO claim because "arguments not raised by a party in its opening brief are deemed waived." *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (internal quotation marks omitted) (citation omitted).