1  Edward Cramp, Esq. (SBN 212490)
   E-mail:      EMCramp@duanemorris.com
2  Patricia P. Hollenbeck, Esq. (SBN 121765)
   E-mail:      PHollenbeck@duanemorris.com
3  Karen L. Alexander, Esq. (SBN 265926)
   E-mail:      KLAlexander@duanemorris.com
4  **DUANE MORRIS LLP**
5  750 B Street, Suite 2900
   San Diego, CA 92101
6  Telephone: 619.744.2200
   Facsimile:  619.744.2201
7

8  Attorneys for Plaintiffs/Counter-Defendants
   AMERICAN CAREER COLLEGE, INC. and
9  WEST COAST UNIVERSITY, INC.

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13  American Career College, Inc., a            Case No. 2:21-CV-00698-PSG-SK
    California corporation, and West Coast
14  University, Inc., a California corporation

15                        Plaintiffs,           **PLAINTIFFS' APPLICATION FOR
                                                LEAVE TO FILE UNDER SEAL
16              v.                              EXHIBITS 45, 46, 47, 48, AND 49 TO
                                                THE DECLARATION OF PATRICIA
17  Mario Oswaldo Medina, Sr. a/k/a Mario       P. HOLLENBECK IN SUPPORT OF
    Oswaldo Medina Ortiz, a/k/a Mario           PLAINTIFFS' MOTION FOR
18  Oswaldo Ortiz, a/k/a Mario M Ortiz, a/k/a   PARTIAL SUMMARY JUDGMENT
    Mario Oswaldo Medino a/k/a, Mario
19  Ortiz Medina, an individual; Roger
    Adolfo Ortiz, a/k/a Roger Ortiz, a/k/a
20  Roger Aofl Ortiz, an individual; Rolando
    Valdivia, a/k/a Raul Valdez; a/k/a Raul     Filed: January 26, 2021 (upon removal)
21  Val, an individual; Unete Healthcare        SAC Filed: June 18, 2021
    Associates, L.L.C., doing business as       TAC Filed: February 17, 2022
22  Pronto Wellness, a California limited        Counterclaim Filed: July 2, 2021, and
    liability company, and DOES 1 -100,         March 31, 2022
23  inclusive.

24                        Defendants.

25  _____

26  AND RELATED COUNTERCLAIM

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 79-5 *et seq*. and the Stipulated Protective Order entered by the Court (Dkt. 41), Plaintiffs American Career College, Inc. ("ACC") and West Coast University, Inc. ("WCU") (collectively, "Plaintiffs") hereby request the Court grant an order permitting the following exhibits to the Declaration of Patricia P. Hollenbeck in support of Plaintiffs' Motion for Partial Summary Judgment to be filed under seal:

| Ex. No. | Document Title | Portion Under Seal |
|---|---|---|
| 45 | Payable Transactions to Pronto [ACCWCU_0006920; Plaintiffs' Designation – Confidential.] | ACCWCU_0006920. |
| 46 | September 6, 2019 email attaching 2019 Institutional Effectiveness Review ("IER") and "IER 2019 RVSD_r4" PowerPoint, AND CORRESPONDING EMAILS [ACCWCU_006924–006935; Plaintiffs' Designation – Confidential]. | ACCWCU_006925–006931. |
| 47 | February 19, 2020 email attaching ACC and WCU Strategic Plan, and "Strategic Plan – Optimizing the Relationship with Clinical Partners 2020" PowerPoint [ACCWCU_006890–006914; Plaintiffs' Designation – Confidential.] | ACCWCU_006891–006914. |
| 48 | July 2020 Talent Review – Strategic Partnerships [ACCWCU_007024–007042; Plaintiffs' Designation – Confidential.] | ACCWCU_007025–007042. |
| 49 | ACC and WCU Employee Handbook Excerpts [ACCWCU_006947–006965; Plaintiffs' Designation – Confidential.] | ACCWCU_006946–006965. |

Each of these five Exhibits contain highly confidential, non-public information that Plaintiffs do not disclose to the public and, if disclosed, could cause Plaintiffs harm.

As detailed in the supporting declaration of Susan Pailet, the first four documents are strategic planning and policy documents which, if disclosed, could provide competitors or other members of the public a window into Plaintiffs'

strategies, finances, and institutional goals that could provide a competitive advantage and/or might run the risk of being taken out of context and misunderstood as these are not documents that were ever intended to be publicly disclosed, therefore resulting in harm to Plaintiffs' business.

The last document is a detailed, itemized list of Plaintiffs' payments to Pronto (which among other things, identifies the Clinical Partners by name). Plaintiffs also do not publicly disclose this type of information about their students' rotations with third party Clinical Partners, and doing so here could potentially jeopardize those relationships.

This Application is not opposed. Plaintiffs' counsel met and conferred with Defendants' counsel regarding this Application to seal Exhibits 45, 46, 47, 48, and 49 to the Declaration of Patricia P. Hollenbeck in Support of Plaintiffs' Motion for Partial Summary Judgment. Defendants advised that they do not oppose this Application. (Declaration of Patricia P. Hollenbeck in Support of Plaintiffs' Application to File Under Seal ["Hollenbeck Dec."] ¶ 7.)


Dated: May 13, 2022                    **DUANE MORRIS LLP**


By:   */s/ Patricia P. Hollenbeck*
         Edward M. Cramp, Esq.
         Patricia P. Hollenbeck, Esq.
         Karen L. Alexander, Esq.

         Plaintiffs/Counter-Defendants
         American Career College, Inc. and
         West Coast University, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND RELEVANT FACTS

On or about May 13, 2022, Plaintiffs American Career College, Inc. ("ACC") and West Coast University, Inc. ("WCU") (collectively, "Plaintiffs") filed their Motion for Partial Summary Judgment (the "Motion").  (Hollenbeck Dec. ¶ 2.)  In support of the Motion, Plaintiffs concurrently filed the Declaration of Patricia P. Hollenbeck (the "MSJ Declaration").  (Id.)  The MSJ Declaration attaches exhibits that contain documents Plaintiffs have designated or treated as "Confidential" pursuant to the Stipulated Protective Order in this matter (Dkt. 41).  (Hollenbeck Dec. ¶ 3.)  These documents are identified as Exhibits 45, 46, 47, 48 and 49.  (Hollenbeck Dec. ¶ 4.)

Each of the five Exhibits contain highly confidential, non-public information that Plaintiffs do not disclose to the public and, if disclosed, could cause Plaintiffs harm.  (Hollenbeck Dec. ¶ 5; (Declaration of Susan Pailet in Support of Plaintiffs' Application to File Under Seal, ["Pailet Decl."] ¶ 4.)

Exhibit 45 is a detailed, itemized list of Plaintiffs' payments to Pronto (which among other things, identifies the Clinical Partners by name).  Plaintiffs also do not publicly disclose this type of information about their students' rotations with third party Clinical Partners, and doing so here could potentially jeopardize those relationships.  (Pailet Decl. ¶ 5.)

Generally, Exhibits 46, 47, 48, and 49 are strategic planning and policy documents which, if disclosed, could provide competitors or other members of the public a window into Plaintiffs' strategies, finances, and institutional goals that could provide a competitive advantage and/or might run the risk of being taken out of context and misunderstood as these are not documents that were ever intended to be publicly disclosed, therefore resulting in harm to Plaintiffs' business.  (Pailet Decl. ¶ 6.)

///

1    Plaintiffs' request seeks to seal only the portions of the Exhibits that complies

2    with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal

3    only "sealable" material. (Hollenbeck Dec. ¶ 6.)

4    Plaintiffs' counsel met and conferred with Defendants' counsel regarding this

5    Application to seal Exhibits 45, 46, 47, 48, and 49 to the Declaration of Patricia P.

6    Hollenbeck in Support of Plaintiffs' Motion for Partial Summary Judgment.

7    Defendants advised that they do not oppose this Application.  (Hollenbeck Dec. ¶ 7.)

8    ## II.   **LEGAL ARGUMENT**

9    Plaintiffs request that the Court grant their Application.  Generally, a party

10   seeking to seal a judicial record bears the burden of demonstrating a compelling

11   reason that outweighs the policy favoring public access to court records.  *See Pintos v.*

12   *Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  Under the "compelling

13   reasons" standard a district court must weigh "relevant factors," base its decision "on

14   a compelling reason," and "articulate the factual basis for its ruling, without relying on

15   hypothesis or conjecture."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

16   1995).  The "relevant factors" include the "public interest in understanding the judicial

17   process and whether the disclosure of the material could result in improper use of the

18   material for scandalous or libelous purposes or infringement upon trade secrets."  *Id.*

19   The Supreme Court of the United States and the Ninth Circuit agree that the

20   more stringent "compelling reason" standard is satisfied when a public filing could

21   result in harm to a litigant's competitive standing.  *See, e.g., Nixon v. Warner*

22   *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568,

23   569 (9th Cir. 2008).  Thus, courts in the Ninth Circuit have repeatedly issued

24   protective orders—including orders to seal exhibits to motions—in order to prevent

25   the potential disclosure of a party's trade secret and confidential business information.

26   *Cf. In re Elec. Arts, Inc.*, 298 Fed. Appx. at 569 (district court erred in refusing to seal

27   a trial exhibit containing trade secret information).

28   ///

A broad range of information can qualify as a sealable trade secret which should be withheld from public access.  *Cf. Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition of "trade secret" and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret).  "The paradigmatic examples of trade secrets are research and development information, business strategies, and projections." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV1600300CJCRAOX, 2017 WL 2806897, at *7 (C.D. Cal. Mar. 30, 2017).  It is well settled that market research reports, business strategies, competitive analyses, business models and future business plans are sealable as potential trade secrets when disclosure could give competitors insight into the parties' business strategy.  *See Krieger v. Atheros Commc'ns, Inc.,* No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (compelling reasons to seal presentation existed as it contained "long-term financial projections, discussions of business strategy, and competitive analyses"); *see also Synchronoss Techs., Inc. v. Dropbox Inc.,* No. 16-CV-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing information relating to the parties' "business model and strategy").

On October 22, 2021, the Court issued a Stipulated Protective Order recognizing that "[t]his action involves trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure, disclosure to parties in the litigation that are adverse to each other, and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally

unavailable to the public, federally protected personal identifying information […] or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law" (ECF 41, ¶ B).

Exhibits 45, 46, 47, 48, and 49 to the MSJ Declaration contain documents that were designated "Confidential" pursuant to the Protective Order.  (Hollenbeck Decl., ¶ 3.)

Recognizing that a designation under a protective order is not, alone, enough to warrant sealing a document, Plaintiffs can show that the exhibits contain highly confidential, non-public, and proprietary information related to Plaintiffs' strategies, finances, institutional goals, and its trade secrets, that if disclosed, could cause Plaintiffs harm.  (Pailet Decl. ¶ 4.)

**A.    Exhibits to the MSJ Declaration Must Be Filed Under Seal Because They Contain Highly Confidential, Non-Public, and Proprietary Information, that if Disclosed, Could Cause Plaintiffs Harm.**

Exhibit 45 is a detailed, itemized list of Plaintiffs' payments to Pronto (which among other things, identifies the Clinical Partners by name).  Plaintiffs do not publicly disclose this type of information about their students' rotations with third party Clinical Partners, and doing so here could potentially jeopardize those relationships.  This document contains highly confidential, non-public financial information.  (Pailet Decl., ¶ 5.)  Plaintiffs' request seeks to seal only the portion of Exhibit 45 that complies with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal only "sealable" material.

Generally, Exhibits 46, 47, 48, and 49 are strategic planning and policy documents which, if disclosed, could provide competitors or other members of the public a window into Plaintiffs' strategies, finances, and institutional goals that could provide a competitive advantage and/or might run the risk of being taken out of context and misunderstood as these are not documents that were ever intended to be publicly disclosed, therefore resulting in harm to Plaintiffs' business.  (Pailet Decl., ¶ 6.)

Exhibit 46 is a PowerPoint presentation given in connection with ACC's annual Institutional Effectiveness Review related to its clinical sites.  This document contains highly confidential, proprietary and non-public information related to ACC's, strategies, finances, institutional goals, and its trade secrets.  It is only made available to a select number of employees and not to the general public.  If this information were disclosed to the public, Plaintiffs' competitors could gain a competitive advantage, for example by copying ACC's institutional strategies and goals.  Since the document was not intended for public disclosure, its statement could also be taken out of context and misunderstood if disclosed to the general public, students, competitors, patients at clinical sites, or clinical partners. (Pailet Decl., ¶ 7.)  Plaintiffs' request seeks to seal only the portion of Exhibit 46 that complies with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal only "sealable" material.

Exhibit 47 is a PowerPoint presentation given jointly to select ACC and WCU employees.  It contains highly confidential, proprietary, and non-public information related to ACC and WCU's strategies with respect to clinical sites, finances, and institutional goals.  This information is only made available to a select number of employees and not to the general public.  If this information were disclosed to the public, ACC and WCU's competitors could gain a competitive advantage, for example by copying ACC and WCU's institutional strategies and goals.  Since the document was not intended for public disclosure, its statement could also be taken out of context and misunderstood if disclosed to the general public, students, competitors, patients at clinical sites, or clinical partners.  (Pailet Decl., ¶ 8).  Plaintiffs' request seeks to seal only the portion of Exhibit 47 that complies with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal only "sealable" material.

Exhibit 48 is a slide deck that was prepared in connection with a review of Medina's department in July 2020.  This document contains highly confidential, non-public, proprietary information regarding ACC's strategies and institutional goals as well as detailed performance evaluation of at least non-party 10 ACC employees (with

their full names and photos included).  Public disclosure of this document could harm ACC's interests by giving competitors a competitive advantage and would also violate the privacy rights of the non-party employees whose performance is reviewed in these documents.  (Pailet Decl., ¶ 9.)  Plaintiffs' request seeks to seal only the portion of Exhibit 48 that complies with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal only "sealable" material.

Exhibit 49 contains excerpts of the ACC Associate Handbook (i.e. the employee handbook).  The employee handbook is a non-public document only shared with employees and not with the general public.  It contains highly confidential, non-public, proprietary information about ACC's policies.  If disclosed to the public, a competitor could gain a competitive advantage, for example by coping ACC's policies or using this information to solicit ACC's employees.  (Pailet Decl., ¶ 10.)  Plaintiffs' request seeks to seal only the portion of Exhibit 49 that complies with the requirements under L.R. 79-5 that the request be narrowly-tailored to seal only "sealable" material.

Because of the highly confidential, proprietary, and commercially sensitive nature of the information included in Exhibits attached to the MSJ Declaration, compelling reasons exist to grant Plaintiffs' Application to have Exhibits 45, 46, 47, 48, and 49 to the Declaration of Patricia P. Hollenbeck in Support of Plaintiffs' Motion for Partial Summary Judgment filed under seal.

///

///

///

///

///

///

///

///

### III.    <u>CONCLUSION</u>

Accordingly, Plaintiffs request that the Court grant their Application to allow for the identified Exhibits 45, 46, 47, 48, and 49 to the Declaration of Patricia P. Hollenbeck in support of Plaintiffs' Motion for Partial Summary Judgment to be filed under seal.

Dated: May 13, 2022                    **DUANE MORRIS LLP**


By:  _/s/ Patricia P. Hollenbeck_
Edward M. Cramp, Esq.
Patricia P. Hollenbeck, Esq.
Karen L. Alexander, Esq.

Plaintiffs/Counter-Defendants
American Career College, Inc. and
West Coast University, Inc.