ROY J. JIMENEZ (Bar No. 192089)
E-Mail: rjimenez@tldlaw.com
R. SCOTT HARLAN (Bar No. 312497)
E-Mail: sharlan@tldlaw.com
JONATHAN J. COLEMAN (Bar No. 305950)
E-Mail: jcoleman@tldlaw.com
TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
Telephone: (562) 923-0971
Facsimile: (866) 831-7302

Attorneys for Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Unete Healthcare Associates, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CAREER COLLEGE, INC., A CALIFORNIA CORPORATION, AND WEST COAST UNIVERSITY, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MARIO OSWALDO MEDINA, SR., A/K/A MARIO OSWALDO MEDINA ORTIZ, A/K/A MARIO M ORTIZ, A/K/A MARIO OSWALDO MEDINO, A/K/A MARIO ORTIZ MEDINA, an individual; ROGER ADOLFO ORTIZ, A/K/A/ROGER ORTIZ, A/K/A ROGER AOFL ORTIZ, an individual; ROLANDO VALDIVIA, A/K/A RAUL VALDEZ, A/K/A RAUL VAL, an individual; UNETE HEALTHCARE ASSOCIATES, L.L.C. DBA PRONTO WELLNESS, a California limited liability company, and DOES 1 – 100, inclusive,<br><br>Defendants.<br><br>ÚNETE HEALTHCARE ASSOCIATES, L.L.C. DBA PRONTO WELLNESS, a California | Case No. 2:21-cv-00698-PSG-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER RE: PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION SERVED ON THE COUNTY OF LOS ANGELES PROBATION DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF R. SCOTT HARLAN IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Proposed Order*]<br><br>Discovery Document: Referred to Magistrate Judge Steve Kim<br><br>**Judge:** Hon. Steve Kim<br>**Date:** September 7, 2022<br>**Time:** 10:00 a.m.<br>**Crtrm.:** 540<br><br>Action Filed:   January 26, 2021<br>Trial Date:     April 27, 2023 |

...

1  limited liability company,

2              Counterclaimant,

3

4  vs.
   AMERICAN CAREER COLLEGE,
5  INC., a California Corporation;
   WEST COAST UNIVERSITY,
6  INC., a California Corporation, and
7  ROES 1 – 100, inclusive

8              Counter-Defendants.

9

10

11 **TO AMERICAN CAREER COLLEGE, INC. AND THEIR COUNSEL OF**
12 **RECORD:**

13         **PLEASE TAKE NOTICE** that on September 7, 2022, at 10:00 a.m., or as

14 soon thereafter as counsel may be heard, in the courtroom 540 of the Honorable

15 Steve Kim, located in the United States Courthouse, 255 E. Temple Street, 5th Floor,

16 Los Angeles, CA 90012, Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Únete

17 Healthcare Associates, LLC ("Defendants") will and hereby do move this Court for

18 a Protective Order re Plaintiffs' Subpoena to Produce Documents, Information, or

19 Objects or to Permit Inspection of Premises in a Civil Action served on the County

20 of Los Angeles Probation Department, scheduled for August 3, 2022.

21         This Motion is made upon the following grounds:

22         1. Harassment

23         2. Requests irrelevant information

24         3. Invades rights of privacy

25         4. Undue burden

26         This Motion is based on this Notice of Motion, the attached Memorandum of

27 Points and Authorities, the Declarations of R. Scott Harlan filed concurrently

28 herewith, all of the pleadings, files, and records in this proceeding, all other matters

of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  August 2, 2022

TREDWAY, LUMSDAINE & DOYLE LLP
ROY J. JIMENEZ
R. SCOTT HARLAN
JONATHAN J. COLEMAN

By: _____
R.Scott Harlan (Aug 2, 2022 20:49 PDT)
R. SCOTT HARLAN
Attorneys for Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Únete Healthcare Associates, LLC

## TABLE OF CONTENTS

Page

I. INTRODUCTION & STATEMENT OF RELEVANT FACTS ............................. 1

II. AUTHORITY FOR MOTION ................................................................. 3

    A.    Authority for Motion to Quash ................................................. 3

    B.    Authority for Motion for Protective Order ............................... 4

    C.    The Court should grant the motion to quash on the basis of harassment, relevance and undue burden .................................. 5

    D.    The Subpoena is Overbroad and Seeks Items Outside the Scope of Discovery .................................................................. 6

    E.    The Subpoena Threatens the Confidential Information of Others ......... 7

    F.    The Court Should Grant the Motion for Protective Order ..................... 8

III. CONCLUSION .................................................................................. 9

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

# TABLE OF AUTHORITIES

Page

**CASES**

*Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ................................... 8

*Compaq Comp. Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335–36 (N.D.Cal. 1995) ................................................................................................ 6

*Compaq Comp. Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D.Cal.1995) .................................................................................................. 5

*Mattel, Inc. v. Walking Mountain Productions* 353 F3d 792, 814 (9th Cir. 2003) .............................................................................................................. 5

*Wheel Group Holdings, LLC v. Cub Elecparts, Inc.*, 17-cv-1294, 2018 WL 6264980, at *4 (C.D. Cal. Sept. 4, 2018) ................................................... 6

*Wheel Group Holdings, LLC v. Cub Elecparts, Inc.,* 17-cv-1294, 2018 WL 6264980, at *4 (C.D. Cal. Sept. 4, 2018) ................................................... 5

**STATUTES**

FRCP 45(d)(3)(A)(iv) .......................................................................................... 5, 6

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Únete Healthcare Associates, LLC, herewith submits this Memorandum of Points and Authorities in support of this motion(s) pursuant to FRCP Rule 45(c)(3) to quash the LA County Probation Department Subpoena, and as an alternative relief, a motion pursuant to FRCP Rule 26(c) for a protective order.

## I.   INTRODUCTION & STATEMENT OF RELEVANT FACTS

Defendant Roger Ortiz ("Mr. Ortiz") is currently employed by the LA County Probation Department ("Probation Department") as a sworn probation officer and one of his responsibilities at the Probation Department is to regularly meet with probationers regarding their probation status. (*Mr. Ortiz' Deposition Transcript, 173-74*) Plaintiff has served a subpoena on the LA County Probation Department demanding production of email communications and attachments that were sent/from/cc'd to Mr. Ortiz' work email account (roger.ortiz@probation.lacounty.gov) from May 1, 2018 to present.

Plaintiffs assert that communications from this email account is relevant for their claims asserted in this case. The relevancy is factually and legally wrong. Mr. Ortiz' employment as a probation officer has no bearing on any of the claims or counterclaims of this case. The Plaintiff's claims relate to Mr. Ortiz' involvement with Pronto Wellness. There is a high risk of disclosing Mr. Ortiz's unrelated, private communications and communications with non-party probationers and if the documents are produced, it would violate Mr. Ortiz's and third-parties, including potentially inmates' constitutional right to privacy. Additionally, seeking communications from Mr. Ortiz' work email account is a fishing expedition, constitutes harassment, and seeks to intentionally and wrongfully interfere with Mr. Ortiz' employment relations with the Probation Department. Plaintiffs even attached their full operative complaint to apprise Mr. Ortiz's employer of its baseless allegations, no doubt as an intentional attempt to smear Mr. Ortiz.

On July 20, 2022, Plaintiffs served a Subpoena on the LA County Probation Department to produce documents with the following scope:

"Please produce all emails sent to/from/cc the email account roger.ortiz@probation.lacounty.gov, from May 1, 2018 to present, containing any of the following search terms:
"Pronto", "unete", "ACC" or "ACC's", "WCU" or "WCU'S" "american career college" "west coast university", "valdivia", "@prontowellness.com", "@americancareercollege.edu", "@westcoastuniversity.edu"." (*Defendants' Subpoena to LA County Prob. Dept., Attachment A*)

On July 26, 2022, Defendants timely objected to the Subpoena on the grounds of undue burden, scope, harassment, relevance, privacy and privileged employment information, and the Defendants sought a meet and confer with Plaintiff's counsel. (see Declaration of R. Scott Harlan ("Harlan Decl."), Exhibit A ) Additionally, on July 26, 2022, Defendants' counsel wrote a letter to the Probation informing that the Defendants have objected to the subpoena and are seeking to meet and confer with Plaintiff's counsel to request withdrawal or confer on the scope of the requested documents. (see Decl. , Exhibit B )

On July 26, 2022, Scott Harlan, counsel for the Defendants requested, via email, a meet and confer with the Plaintiff's counsel. (Harlan Decl.) Following back and forth emails on the issues, counsel completed the meet and confer conference on Friday July 29, 2022 wherein counsel discussed all objections, issues, and options, and were unable to reach any agreement regarding the withdrawal of the subpoena. (Harlan Decl.) On August 2, 2022 counsel again met and conferred via email to be advised whether Plaintiffs would be withdrawing their subpoena based on the objections, or force Defendants to move to quash it. Counsel advised he was available for a conference call. Plaintiffs counsel responded and confirmed they would not be withdrawing the subpoena to LA Probation and invited further meet and confer conference in the afternoon. Defendants' counsel subsequently attempted

to video call Plaintiffs counsel Karen Alexander via FaceTime pursuant to Judge Kim's Rule 37-1 Supplemental Rules, at Ms. Alexander's cell phone provided earlier to counsel on August 2, 2022 shortly thereafter, but the FaceTime video call was not answered by Plaintiffs counsel. (Harlan Decl., Exhibit C.)

Thus the Defendants' bring the following Motion to Quash Plaintiffs' Probation Department Subpoena and/or seek a Protective Order for the requested documents.

## II. AUTHORITY FOR MOTION

### A. Authority for Motion to Quash

Motions to quash and/or modify a subpoena are governed by Federal Rule of Civil Procedure, Rule 45(c)(3), which provides:

"(A) When Required. on timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted to protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

1  not requested by a party; or

2  (iii) a person who is neither a party nor a party's officer to incur substantial

3  expense to travel more than 100 miles to attend trial.

4  (C) Specifying Conditions as an Alternative. In the circumstances described

5  in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena,

6  order appearance or production under specified conditions if the serving party:

7  (i) shows a substantial need for the testimony or material that cannot be

8  otherwise met without undue hardship" (*FRCP Rule 45(c)(3)*).

9  Defendants bring the following Motion to Quash pursuant to the above

10  authorities based on their objections as discussed herein.

### B. Authority for Motion for Protective Order

12  Motions for Protective Orders are governed by Federal Rule Civil Procedures

13  Rule 26(c), which provides:

14  "(1) *In General.* A party or any person from whom discovery is sought may

15  move for a protective order in the court where the action is pending--or as an

16  alternative on matters relating to a deposition, in the court for the district where the

17  deposition will be taken. The motion must include a certification that the movant has

18  in good faith conferred or attempted to confer with other affected parties in an effort

19  to resolve the dispute without court action. The court may, for good cause, issue an

20  order to protect a party or person from annoyance, embarrassment, oppression, or

21  undue burden or expense, including one or more of the following:

22  (A) forbidding the disclosure or discovery;

23  (B) specifying terms, including time and place, for the disclosure or

24  discovery;

25  (C) prescribing a discovery method other than the one selected by the party

26  seeking discovery;

27  (D) forbidding inquiry into certain matters, or limiting the scope of disclosure

28  or discovery to certain matters;

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses." (*FRCP Rule 26*)

Defendants also seek in the alternative a Protective Order pursuant to the above authorities based on their objections as discussed herein.

### C. The Court should grant the motion to quash on the basis of harassment, relevance and undue burden

A subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Mattel, Inc. v. Walking Mountain Productions* 353 F3d 792, 814 (9th Cir. 2003). The subpoena seeks information that is entirely irrelevant to this litigation, which is "inherently undue and burdensome." *Wheel Group Holdings, LLC v. Cub Elecparts, Inc.,* 17-cv-1294, 2018 WL 6264980, at *4 (C.D. Cal. Sept. 4, 2018) (citing litany of supporting cases and issuing protective order accordingly); *accord Compaq Comp. Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D.Cal.1995); FRCP 45(d)(3)(A)(iv).

Mr. Ortiz's employment as a probation officer has no bearing on any of the

claims or counterclaims of this case involving the business dispute between Plaintiffs and Defendants, or any business relations with Pronto. Plaintiffs are seeking to harass Mr. Ortiz by serving this subpoena after not doing so throughout the initial years of discovery in an attempt to sour and smear his name and relationship with his employers at the LA County Probation Department.

Additionally, Plaintiffs have no reason to believe that Mr. Ortiz used his Probation email account to communicate with Pronto employees. Plaintiffs are pointing to an email forwarded by Mr. Ortiz's Pronto email address to his Probation Department email address. (Subpoena to LA County Probation Department, Ex. 2) The fact that Mr. Ortiz merely forwarded an email to himself by itself does not indicate Mr. Ortiz' Probation Department email account was ever used to send out emails to anyone relevant to this case, including Plaintiffs, Defendants, or non-party Pronto employees or witnesses. Accordingly, the email attached at Exhibit 2 in the LA County Probation Subpoena by itself is insufficient justification to allow such invasive and harassing document production subpoena from LA Probation and Mr. Ortiz' @probation.lacounty.gov email address.

Since there is such a weak nexus, the subpoena seeks information that is irrelevant to this litigation, which is "inherently undue and burdensome." *Wheel Group Holdings, LLC v. Cub Elecparts, Inc.*, 17-cv-1294, 2018 WL 6264980, at *4 (C.D. Cal. Sept. 4, 2018) (citing litany of supporting cases and issuing protective order accordingly); *accord Compaq Comp. Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335–36 (N.D.Cal. 1995); FRCP 45(d)(3)(A)(iv).  Correspondence showing the CCing of an email does not warrant the fishing expedition into all of Defendant's work emails and the potentially private information therein.

### D. The Subpoena is Overbroad and Seeks Items Outside the Scope of Discovery

According to the FRCP, the scope of discovery as follows: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." (*See FCRP Rule 26(b)(1)*.)

Because the information is available through another source, because the relevance is highly tangential, and because the defendants could have but failed to obtain this from Mr. Ortiz through deposition questioning and written interrogatories, the motion to quash and/or modify should be granted. The subpoena is overbroad in that it seeks information that would not relate to Pronto or the Plaintiffs. Additionally, production of emails from @probation.lacounty.gov could lead to the disclosure of information relating to non-party probationers.

E. **The Subpoena Threatens the Confidential Information of Others**

Mr. Ortiz works as a corrections officer, and communications contained within those correspondences contain information of both probationers and coworkers. These are third parties who's right to privacy and confidentiality Mr. Ortiz cannot waive. Furthermore, asking this third party to conduct the review of such documents would be an undue burden on the department of the corrections, as they need to sift through keyword searches that will have multiple unintended hits. For example, the term "ACC" has in previous searches brought up every instance of the words "accept", "access", "account", and "accuse", all of which seem likely to occur in the present searches. *See* FRCP 45(d)(3)(A)(iii).

/ / /

California law also recognized an inalienable right to privacy. "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Artis v. Deere & Co.* (N.D. Cal. 2011) 276 F.R.D. 348, 352. While additional discovery may be merited in other areas of this case, to attempt the harassing combing through of all Defendant's work emails for the broad categories above is a clear fishing expedition, as Plaintiff's have not shown a proper nexus of any activity related to this account.

### F. The Court Should Grant the Motion for Protective Order

If the court allows some form of the subpoena to go forward, the court should further grant the alternative motion for a protective order, pursuant to FRCP Rule 26(c) and should impose the following limitations on the requested discovery:

1. That documents obtained from the LA County Probation Department be subject to a protective order limiting their use to the present litigation only; limiting their dissemination to counsel involved in these proceedings, the defendants; and any expert witnesses; and having further safeguards to insure that the records are kept in a private and confidential manner and are not disseminated to other third parties, and are not used for any other purpose other than the present litigation; or

2. That discovery be permitted in the form of a deposition of an official with the LA County Probation Department on the issue of: (1) whether Roger Ortiz has in fact sent emails from the LA County Probation Department that includes the search terms specified in Attachment A of the Subpoena.

The basis of the request for protective order is that the records requested are government employment records that are subject to a reasonable expectation of a right of privacy. Accordingly, good cause exists for the issuance of a protective

order, and the motion for a protective order should be accordingly granted.

### III. CONCLUSION

Based on the foregoing, the motion to quash the LA County Probation subpoena should be granted; in the alternative, this Court should make a protective order.

DATED: August 2, 2022

TREDWAY, LUMSDAINE & DOYLE LLP
ROY J. JIMENEZ
R. SCOTT HARLAN
JONATHAN J. COLEMAN

By: *R.Scott Harlan (Aug 2, 2022 20:49 PDT)*
R. SCOTT HARLAN
Attorneys for Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Únete Healthcare Associates, LLC

# DECLARATION OF R. SCOTT HARLAN

I, R. Scott Harlan, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Tredway, Lumsdaine & Doyle LLP, attorneys of record for Mario Ortiz, Roger Ortiz, Rolando Valdivia, and Únete Healthcare Associates, LLC. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. I make this declaration in support of Defendants' Notice of Motion and Motion to Quash And/or Motion for Protective Order Re: Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Served on the County of Los Angeles Probation Department; Memorandum of Points and Authorities; and Declaration of R. Scott Harlan in Support Thereof.

2. Defendant Roger Ortiz is currently employed by the LA County Probation Department as a sworn probation officer and one of his responsibilities at the Probation Department is to regularly meet with probationers regarding their probation status.

3. Plaintiff has served a subpoena on the LA County Probation Department demanding production of email communications and attachments that were sent/from/cc'd to Mr. Ortiz' work email account (roger.ortiz@probation.lacounty.gov) from May 1, 2018 to present.

4. On July 20, 2022, Plaintiffs served a Subpoena on the LA County Probation Department to produce documents with the following scope:

"Please produce all emails sent to/from/cc the email account roger.ortiz@probation.lacounty.gov, from May 1, 2018 to present, containing any of the following search terms:

"Pronto", "unete", "ACC" or "ACC's", "WCU" or "WCU'S" "american career college" "west coast university", "valdivia", "@prontowellness.com", "@americancareercollege.edu", "@westcoastuniversity.edu"." (Defendants'

*Subpoena to LA County Prob. Dept., Attachment A*)

5. On July 26, 2022, Defendants timely objected to the Subpoena on the grounds of undue burden, scope, harassment, relevance, privacy and privileged employment information, and the Defendants sought a meet and confer with Plaintiff's counsel. A true and correct copy is attached as Exhibit A.

6. Additionally, on July 26, 2022, Defendants' counsel wrote a letter to the Probation informing that the Defendants have objected to the subpoena and are seeking to meet and confer with Plaintiff's counsel to request withdrawal or confer on the scope of the requested documents. A true and correct copy is attached as Exhibit B.

7. On July 26, 2022, counsel for Defendants R. Scott Harlan sent via email, a meet and confer with the Plaintiff's counsel. Following back and forth emails on the issues, counsel completed the meet and confer conference on Friday July 29, 2022 wherein counsel discussed all objections, issues, and options, and were unable to reach any agreement regarding the withdrawal of the subpoena.

8. On August 2, 2022 counsel again met and conferred via email to be advised whether Plaintiffs would be withdrawing their subpoena based on the objections, or force Defendants to move to quash it. Counsel advised he was available for a conference call. Plaintiffs counsel responded and confirmed they would not be withdrawing the subpoena to LA Probation and invited further meet and confer conference in the afternoon. Defendants' counsel subsequently attempted to video call Plaintiffs counsel Karen Alexander via FaceTime pursuant to Judge Kim's Rule 37-1 Supplemental Rules, at Ms. Alexander's cell phone provided earlier to counsel on August 2, 2022 shortly thereafter, but the FaceTime video call was not answered by Plaintiffs counsel. A true and correct copy of the emails are attached as Exhibit C.

9. Counsel of record for the parties held their pre-filing conference of counsel as required by Local Rule 37-1 via telephone on July 29, 2022 at 2:02 p.m.,

via multiple emails, and finally counsel for Defendants attempted a further final FaceTime videoconference on August 2, 2022 following Plaintiffs counsel Karen Alexander's 4:15pm email invitation for same, but said FaceTime call was technologically infeasible as counsel for Plaintiffs failed to answer it on August 2, 2022 at 5:00 p.m.

10. To eliminate or narrow the disputed discovery issues, counsel of record for the parties discussed not only the merits of their dispute(s) but also addressed compliance with the discovery procedures explained in Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements.

11. Counsel of record for the parties agree that the remaining disputed discovery issues cannot be eliminated or narrowed either by further discussion of their merits or by ensuring compliance with the discovery procedures explained in Judge Kim's Modified and Supplemental Local Rule 37-1 Requirements.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of August, 2022, at Long Beach, California.

R.Scott Harlan (Aug 2, 2022 20:49 PDT)

R. Scott Harlan

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

LA/55581-001 1328737    3    Case No. 2:21-cv-00698-PSG-SK
DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER

# PROOF OF SERVICE

**American Career College, Inc. et al. v. Mario Oswaldo Medina, Sr., et al.
Case No. 2:21-cv-00698-PSG-SK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 3900 Kilroy Airport Way, Suite 240, Long Beach, CA 90806.

On August 2, 2022, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER RE: PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION SERVED ON THE COUNTY OF LOS ANGELES PROBATION DEPARTMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JONATHAN J. COLEMAN IN SUPPORT THEREOF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Tredway, Lumsdaine & Doyle LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address cnguyen@tldlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 2, 2022, at Long Beach, California.

*/s/ Crystal Nguyen*
Crystal Nguyen

LA/55581-001 1328737                                    Case No. 2:21-cv-00698-PSG-SK
DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER

# SERVICE LIST

**American Career College, Inc. et al. v. Mario Oswaldo Medina, Sr., et al.
Case No. 2:21-cv-00698-PSG-SK**

| | |
|---|---|
| Edward Cramp<br>Patricia P. Hollenbeck<br>Karen L. Alexander<br>Ayad Mathews<br>DUANE MORRIS LLP<br>750 B Street, Suite 2900<br>San Diego, CA 92101<br>Telephone:   (619) 744-2200<br>Facsimile:    (619) 744-2201<br>Emails:<br>EMCramp@duanemorris.com<br>phollenbeck@duanemorris.com<br>klalexander@duanemorris.com<br>AMunyon@duanemorris.com<br>kasaari@duanemorris.com<br>AMathews@duanemorris.com | *Attorneys for Plaintiffs/Counter Defendant AMERICAN CAREER COLLEGE, INC., a California corporation; WEST COAST UNIVERSITY, INC., a California corporation*<br><br>*SERVED BY CM/ECF NOTICE OF ELECTRONIC FILING ONLY* |
| Los Angeles County Probation Department<br>9150 E. Imperial Hwy.<br>Downey, California 90242<br>subpoenas@probation.lacounty.gov | *SERVED BY MAIL AND E-MAIL ONLY* |
| First Legal<br>1517 W. Beverly Blvd<br>Los Angeles, CA 90026<br>Telephone: (213) 250-1111<br>receiving@firstlegal.com | *SERVED BY MAIL AND E-MAIL ONLY* |

LA/55581-001 1328737

Case No. 2:21-cv-00698-PSG-SK

DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER