UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#226/229/234 (5/19)

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiffs' motion for sanctions and DENYING as moot Plaintiffs' and Defendants' motions for partial summary judgment.

Before the Court are three motions. The first two are Plaintiffs American Career College, Inc. ("ACC") and West Coast University, Inc.'s ("WCU") (collectively, "Plaintiffs") motions for sanctions and partial summary judgment. *See generally* Dkts. # 229 ("*Sanctions Mot.*"), 234 ("*PMSJ*"). Defendants Mario Oswaldo Medina ("Medina"), Roger Adolfo Ortiz ("Oritz"), Rolando Valdivia ("Valdivia"), and Unete Healthcare Associates, L.L.C., d/b/a Pronto Wellness ("Pronto") (collectively, "Defendants") opposed each motion. *See generally* Dkts. # 243 ("*Sanctions Opp.*"); 247. And Plaintiffs replied. *See generally* Dkts. # 249, 250 ("*Sanctions Reply*"). The third is Defendants' motion for partial summary judgment, which Plaintiffs opposed, and Defendants replied. *See* Dkts. # 226 ("*DMSJ*"), 241, 251. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.[1] Having considered the moving, opposing, and reply papers, the Court **GRANTS** Plaintiffs' motion for sanctions and **DENIES as moot** Plaintiffs' and Defendants' motions for partial summary judgment.

I.   Background

Plaintiffs are sister institutions, providing postsecondary education for various degrees in the healthcare industry. *See Third Amended Complaint*, Dkt. # 66 ("*TAC*"), ¶¶ 12–23. Students

---

[1] The Ninth Circuit has confirmed that courts may impose sanctions without holding an evidentiary hearing. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164–65 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

in Plaintiffs' nursing programs are statutorily required to complete "clinical rotations" at healthcare facilities that provide hands-on patient care. *Id.* ¶ 24. But before students can start a clinical rotation, they must pass a comprehensive background and qualification check. *Id.* ¶ 26.

Pronto is a third-party provider of "clinical management solutions." Third-party providers, like Pronto, offer administrative services to aid healthcare facilities in vetting and scheduling students for rotations at their clinical sites. *Id.* ¶¶ 28–29, 34–35. And as part of the arrangement, educational institutions, like ACC and WCU, would then work with these third-party vendors at the educational institution's own expense. *Id.* ¶ 29. Between August 2019 and December 2020, Plaintiffs utilized Pronto for these services; that is until Plaintiffs discovered that Pronto was run by some of ACC's own employees—Defendants Medina and Valdivia—who were allegedly abusing their positions of trust and defrauding Plaintiffs into contracting with Pronto for services they otherwise would have provided themselves. *See id.* ¶¶ 27–47, 56–75. Specifically, Plaintiffs accuse Defendants, including Medina and Valdivia, of using fictitious e-mail accounts to solicit Plaintiffs' business. *See id.* ¶ 56–75.

Plaintiffs filed suit in Los Angeles County Superior Court in December 2020, asserting claims for, among other things, fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, misappropriation of trade secrets, and breach of the duty of loyalty. *See generally* Dkt. # 1-1. Shortly thereafter, Defendants removed the action to this Court, *see* Dkt. # 1, answered the complaint, *see* Dkt. # 71, and asserted counterclaims for interference with contractual relations, interference with prospective economic advantage, unfair competition, and civil conspiracy, *see* Dkts. # 82, 83. And in August 2021, the Court entered a scheduling order, setting trial for August 2022, along with a discovery cut-off date of April 29, 2022, and a motion cut-off date of May 13, 2022. *See generally* Dkt. # 32 ("*Scheduling Order*").

At the start of discovery, Plaintiffs sought from Defendants relevant business records and communications, including (1) communications between Defendants relating to Pronto, ACC, and WCU, (2) communications Medina and Valdivia sent Plaintiffs on Pronto's behalf from fictitious e-mail accounts while still employed with ACC; (3) ESI showing Defendants' efforts to conceal their conspiracy; and (4) ESI relating to Plaintiffs' clinical partners prepared by Medina and Valdivia for Pronto's growth. *See Sanctions Mot.* 5:13–22; *see also Declaration of Edward M. Cramp*, Dkt. # 229-2 ("*Cramp Decl.*"), ¶¶ 13–16, Exs. 2–5 (Plaintiffs' June 2021 Requests for Production to Defendants). But Defendants denied having such responsive documents or communications in their possession. *See Sanctions Mot.* 5:16–22; *see also Cramp Decl.* ¶¶ 17–20, Exs. 6–9 (Defendants' Responses to Plaintiffs' June 2021 Requests for Production), 5–8, 13 ("*RFP Resps.*"). And until March 2022, Defendants maintained this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

position in the face of multiple deficiency letters from Plaintiffs' counsel, producing only 1,688 pages of documents. *See Sanctions Mot.* 1:18–24, 6:1–2 & n.9; *see also Cramp Decl.* ¶¶ 21–24, Exs. 10–13 (2021 Letters of Deficiency from Plaintiffs' counsel to Defendants' counsel).

Defendants also delayed Defendants' depositions for roughly six months. *See Sanctions Mot.* 8:4–16 (citing *Cramp Decl.* ¶ 10). Specifically, in September 2021, the parties scheduled Medina's, Ortiz's, and Valdivia's depositions for the following month of November. *Id.* But in late October 2021, Defendants reneged on their agreement and refused to produce their principals until Plaintiffs' witnesses were first deposed. *Id.* Defendants continued to delay production of their principals for deposition until March 2022 when Magistrate Judge Kim intervened and ordered Defendants' depositions. *See id.*; *see also Informal Discovery Conference*, Dkt. # 70 ("*Mar. 2022 Disc. Conf.*").

In early 2022, Plaintiffs uncovered through a third-party subpoena responsive communications between Defendants and Plaintiffs' clinical partners that Defendants never produced. *See Cramp Decl.* ¶ 25, Ex. 14; *see also Sanctions Mot.* 6:1–7. Such a finding, along with Defendants' other dilatory tactics prompted Plaintiffs to file a motion to compel on March 16, 2022. *See generally* Dkt. # 74.

On April 13, 2022, Magistrate Judge Kim granted Plaintiffs' motion to compel, ordering Defendants to (1) identify all relevant e-mail accounts, (2) preserve business and comingled business and personal accounts, and (3) produce all relevant communications contained on these accounts by the April 29 discovery cut-off date. *See April 13, 2022, Hearing on Plaintiffs' Motion to Compel*, Dkt. # 130 ("*Apr. 2022 Hr'g Tr.*"), 40:13–44:17. But the deadline for fact discovery came and went, and Defendants failed to produce any new documents. *See Sanctions Mot.* 11:12–22.

On May 13, 2022, the last day to file a motion under the Court's scheduling order, *see Scheduling Order*, Plaintiffs filed a motion for spoliation of evidence and partial summary judgment. *See generally* Dkts. # 108 ("*Pls' Spoliation Mot.*"), 112. In particular, the motion cited Defendants' deactivation and replacement of three alias e-mail accounts and Valdivia's cell phone, which was apparently destroyed in the days leading up to his deposition. *See Pls' Spoliation Mot.* 12:1–13:10.[2] Only then did Defendants make their first production of new

---

[2] It has since come to light that Validivia's cell phone may have in fact been destroyed two months *after* his deposition. *Compare Cramp. Decl.*, ¶ 51, Ex. 40 (Deposition of Validivia), 306 (testifying at his March 2022 deposition that his phone "ripped" on him the week before and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

documents and e-mails on May 16, 2022. *See Sanctions Mot.* 11:16–17. Defendants' late production then continued through August 2022, providing Plaintiffs with a total of 39,326 pages of new, not previously produced, documents and e-mails. *See id.* 6:20–22, 11:16–22. In other words, Defendants conveniently withheld 95% of responsive discovery from Plaintiffs until after the motion filing deadline passed.

On July 6, 2022, the Court denied without prejudice Plaintiffs' motion for spoliation of evidence and sanctions under Rule 37(e). *See generally* Dkt. # 174 ("*Spoliation Order*"). While the Court denied the motion, it made two important findings: (1) Defendants were duty-bound to take reasonable steps to preserve the information on deleted e-mail accounts and Valdivia's cell phone; and (2) Defendants failed to take any measures to preserve ESI—much less reasonable ones. *Id.* at 5–6. But because the Court could not determine whether destroyed ESI could be replaced or restored, the Court modified the scheduling order to permit further discovery and warned Defendants that, pending the outcome of the additional discovery, Rule 37(e) terminating or adverse inference sanctions may be imposed. *See id.* at 6–7.

On September 6, 2022, Judge Kim ordered a forensic examination to determine if the ESI Defendants destroyed could be restored or replaced. *See* Dkt. # 188 ("*Forensic Examination Order*"). In part, Judge Kim ordered Ortiz, who worked as a probation officer for Los Angeles County, to make his employee e-mail account available to the forensic examiner because Plaintiffs discovered that Ortiz had used his account for Pronto business. *See id.* at 3; *see also Sanctions Mot.* 13:19–27. But despite Judge Kim's earlier warnings and his order on October 26, 2022, instructing Ortiz to make the account available in 48 hours, *see* Dkt. # 200 ("*Oct. 2022 Disc. Order*"), Defendants still did not comply, *see Cramp Decl.* ¶ 63, Ex. 52 (October 2022 E-mail Exchange Between Counsel Regarding Probation Account). And at the hearing on November 2, 2022, Judge Kim admonished Defendants, ordered the forensic examiner to turn over 770 documents produced by Probation, and sanctioned defense counsel and Ortiz. *See Cramp Decl.* ¶ 60, Ex. 49 ("*Nov. 2022 Hr'g Tr.*"); *see also* Dkt. # 208 ("*Sanctions Order*").

The forensic examination uncovered 259,000 pages of new, not previously produced, responsive documents and communications by December 2022. *See Sanctions Mot.* 3:24–4:8. Notably, the examination revealed at least six additional Pronto e-mail accounts that Defendants failed to identify in response to Judge Kim's April 2022 discovery order. *See id.* 12:12–22 &

---

some of his data was not transferred or saved to the cloud), *with id.* ¶ 55, Ex. 44 (Valdivia's August 2022 Response to Amended Interrogatories), 9 (stating that his phone was "bricked" on May 2, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

n.16; *see also Apr. 2022 Hr'g Tr.* 43–44. It also uncovered a spreadsheet of 19,000 withheld text messages that Defendants created in August 2021 after contracting with iDiscover, a third-party eDiscovery vendor, to conduct forensic imaging of at least Ortiz's cellphone. *See Sanctions Mot.* 12:2–10; *see also Cramp Decl.* ¶¶ 27–28, Exs. 16—17 (Summary of 19,000 Text Messages from Ortiz's Cell Phone) ("*Withheld Text Messages*"). But in March 2022, only eight days before Plaintiffs brought their motion to compel, Defendants instructed iDiscover to delete over 5 gigabytes of data they were storing on Defendants' behalf in connection with this matter. *See Cramp Decl.* ¶ 64, Ex. 53 (March 2022 E-mail Between Ortiz and iDiscover Regarding) ("*Mar. 2022 E-mail to iDiscover*").

In January 2023, Plaintiffs and Defendants filed cross-motions for partial summary judgment, *see generally PMSJ*; *DMSJ*, and Plaintiffs refiled their motion for sanctions, asking the Court to impose terminating and monetary sanctions, *see generally Sanctions Mot.*

II.   Legal Standard

"There are two sources of authority under which a district court can sanction a party": Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Rule 37 provides the means by which courts not only enforce discovery procedures, but also punish and deter discovery misconduct. *See* Fed. R. Civ. P. 37; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980). Applicable here, Rule 37(b)(2) authorizes sanctions when a party "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2). And under Rule 37(e), a court may impose sanctions when electronically stored information "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replace through additional discovery." Fed. R. Civ. P. 37(e).

A party does not need to act in "bad faith" for a court to impose Rule 37 sanctions. But courts may, based on certain findings and upon consideration of the full record, issue terminating sanctions under either Rule 37(b)(2) or Rule 37(e) when a party acts so egregiously by failing to comply with a discovery order or intentionally spoliating evidence. *See id.* 37(b)(2)(v)–(vi); (e)(2)(C); *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Courts are also invested with an inherent power "to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc.*, 447 U.S. at 765 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)). This inherent power is "governed not by rule or statute but by the control

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

necessarily vested in courts to manage their own affairs." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). Sanctions may come "in the form of attorneys' fees against a party or counsel who acts in bad faith" by "delaying or disrupting the litigation or hampering enforcement of a court order." *Leon*, 464 F.3d at 961. And, in "extreme circumstances" and "to insure the orderly administration of justice," courts may award case dispositive sanctions in response to abusive litigation practices. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citations omitted) (cleaned up).

III. Discussion

Plaintiffs once again bring this motion, asking the Court to issue terminating and monetary sanctions in response to Defendants' litigation misconduct. *See generally Sanctions Mot.*

Indeed, Defendants here have engaged in a persistent, intentional, and prejudicial effort to undermine the truth-finding function of this judicial process despite multiple warnings and court orders. They delayed or otherwise obstructed discovery. *See, e.g.*, *RFP Resps.*; *Mar. 2022 Disc. Conf.*; *Nov. 2022 Hr'g Tr.* They attempted to conceal or destroy relevant evidence. *See, e.g.*, *Spoliation Order* at 5–6; *Mar. 2022 E-mail to iDiscover*. They demonstrated a willingness to lie under oath during depositions. *See Sanctions Mot.* 8:18–11:8 (collecting examples). Defendants' deceptive conduct throughout this litigation is ultimately of a similar nature to the conduct underlying all of Plaintiffs' claims.

The Court first addresses the extent of Defendants' misconduct below, and why such conduct gives rise to sanctions under both Rule 37 and the court's inherent powers. The Court then examines whether terminating and monetary sanctions are warranted before concluding that they are.

    A.    <u>Defendants' Discovery and Litigation Conduct</u>

Defendants' discovery misconduct falls into one of three categories: (1) destruction of ESI subject to Rule 37(e); (2) noncompliance with discovery orders subject to Rule 37(b)(2); and (3) other dilatory and/or abusive tactics relating to the production of evidence and deposition testimony. The Court addresses each of these in turn.

As to the first category of discovery abuse, the Court has already concluded that Defendants despoiled evidence under Rule 37(e). *See Spoliation Order* at 5–6. In part, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

spoliated evidence includes ESI stored on e-mail accounts that Defendants deleted in the month or two before Plaintiffs filed this action, which due to Google's data retention policy, and were unrecoverable twenty days following deactivation. *See id.* at 5; *see also Sanctions Mot.* 5:2–6 & n.7. Most egregiously, however, Defendants directed their third-party eDiscovery vendor in March 2022—one week before Plaintiffs filed their motion to compel—to destroy all ESI it was storing in connection with this case. *See Mar. 2022 E-mail to iDiscover*. And only through the forensic examination ordered by Judge Kim in September 2022, Plaintiffs uncovered 19,000 withheld and otherwise destroyed text messages—some of which that were particularly relevant to Plaintiffs' claims.[3] *See Withheld Text Messages*.

Defendants now attempt to relitigate the issue of spoliation, *see Sanctions Opp.* 15, but this argument is futile. Not only is the Court apprised of Defendants' additional failures to preserve ESI, but the Court is now certain that Defendants have not replaced all of the evidence. *See, e.g.*, *Forensic Examination Report*, Dkt. # 213-1 ("*Forensic Report*"), 5 ("The original source data from the three webmail accounts identified within the 'Target Data Sources' is irretrievable."). Further, the imaging of Ortiz's cell phone conducted by iDiscover in August 2021 is titled "Summary (12)," *see Withheld Text Messages*, suggesting that Defendants likely imaged at least eleven other devices—none of which have been produced.[4]

Defendants also disregarded discovery orders, not once but three times, in violation of Rule 37(b)(2). Notably, their lack of compliance with Judge Kim's September and October 2022 orders resulted in the imposition of monetary sanction. *See generally Sanctions Order*. But Defendants also violated Judge Kim's April 2022 order by delaying production of responsive e-mails until after the April 29 deadline and by failing to identify all relevant e-mail

---

[3] Defendants argue that the text messages are irrelevant because they were not subject to Judge Kim's discovery orders. *See Sanctions Opp.* 17:13–25. But the argument is unavailing. In responding to Plaintiffs' requests for production, Defendants falsely stated that they did not have any responsive text messages in their possession when they clearly did. *See RFP Resps*. Also, Judge Kim's April 2022 discovery order came *after* Ortiz instructed iDiscover to destroy evidence that Judge Kim could have compelled Defendants to produce. Defendants' failure to produce to these messages thus does not necessarily implicate Rule 37(b)(2), but it is conduct subject to Rule 37(e) and the Court's inherent powers. Finally, as Defendants concede, Judge Kim only excluded text messages because he believed that Defendants could not produce such communications before the April 29, 2022, discovery cut-off date. *See id.* 17:16–24.

[4] Defendants do not even address this point in their opposing papers.

Case 2:21-cv-00698-PSG-SK   Document 252   Filed 05/17/23   Page 8 of 13   Page ID #:19987

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

accounts. *See Sanctions Mot.* 11:12–22, 12:12–22 & n. 16. Defendants, however, claim that they took "extensive notes" at the April 13, 2022, hearing and represent that Judge Kim never set a deadline for production. *See Sanctions Opp.* 3:5–9. Not so. Rather, Judge Kim emphasized the April 29 deadline at least five times throughout the hearing. *See Apr. 2022 Hr'g Tr.* 34, 35, 63.

The Court, however, is not only concerned with the conduct that implicates Rule 37 sanctions. The conduct in total shows an ongoing pattern of abusive litigation tactics that persisted through 2022. *See RFP Resps.*; *Sanctions Order*. Notably, at the November 2, 2022, hearing, Judge Kim admonished Defendants, explaining that they repeatedly "ran the clock out and hoped that they could get away with it" even after the Court threw Defendants a "lifeline" by extending discovery to allow them an opportunity to replace destroyed evidence. *See Nov. 2022 Hearing Tr.* 41.

Defendants also obstructed discovery by preventing Plaintiffs from taking Defendants' depositions. *See Sanctions Mot.* 8:4–16; *see also Mar. 2022 Disc. Conf.* And when depositions were finally taken, Defendants falsely testified about numerous material facts. *See Sanctions Mot.* 8:18–11:8. For example, Medina testified that he was only a consultant at Pronto. *See Cramp. Decl.* ¶ 31, Ex. 20, 113:22–114:6 ("*Medina Depo Test.*"). But evidence, including Pronto's 2019 federal tax returns, shows that Medina was in fact a 50% limited partner. *See Cramp Decl.* ¶ 44, Ex. 34 (Pronto 2019 Federal Income Tax Returns). Medina and Ortiz also both falsely testified that only Valdivia used an alias account to communicate with Plaintiffs and their clinical partners despite evidence that Medina maintained fictitious Pronto e-mail accounts, as well. *Compare Medina Depo Test.* 147:9–148:8 (denying ever using an alias to communicate with Plaintiffs), *and Cramp Decl.* ¶ 30, Ex. 19, 166:20–167:5 ("*Ortiz Depo Test.*") (testifying that only Valdivia used an alias account), *with Withheld Text Messages* (confirming deletion of Medina's alias account).

The Court therefore concludes that Defendants' pattern of discovery misconduct and other litigation abuses warrants the imposition of sanctions under both Rule 37 and the Court's inherent authority.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

    B.    Terminating Sanctions

    Whether imposed under Rule 37 or pursuant to a court's inherent authority, a terminating sanction, such as an order of default, is an extreme remedy not to be ordered lightly. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). It may, however, be appropriate when a party undermines the integrity of the judicial proceeding or discovery process in such a way "that there can never be assurance of proceeding on the true facts." *See id.* at 1097; *see also Leon*, 464 F.3d at 958. This includes when a party engages "a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case." *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006).

    But before imposing terminating sanctions, courts must consider the following five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions.

*Leon*, 464 F.3d at 958 (quoting *Aheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). Courts "need not make explicit findings regarding each of these factors" but "a finding of willfulness, fault, or bad faith is required." *Id.* (citation omitted). Courts must also seriously consider the availability of "less severe alternatives." *Id.* (citation omitted).

    For the reasons described below, the Court finds terminating sanctions appropriate.

        i.    *Willfulness, Fault, or Bad Faith*

    Plaintiffs argue that Defendants consistently acted in bad faith throughout discovery by, among other things, willfully concealing or destroying evidence, disobeying the Court's orders, and providing false deposition testimony on facts material to Plaintiffs' claims. *See generally Sanctions Mot.* The Court agrees.

    It is well-established in this circuit that "disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Englebrick v. Worthington Indus., Inc.*, 944 F. Supp. 2d 899, 909 (C.D. Cal. 2013) (citing *Henry*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

*v. Gill Indus., Inc.,* 983 F.2d 943, 948 (9th Cir.1993)). Bad faith may be found when a party "provid[es] false or incomplete information during a deposition or in response to a discovery request." *Id.* at 909 (collecting cases). Also, the destruction of evidence constitutes willful spoliation when the party has "some notice that the documents were *potentially* relevant to the litigation before they were destroyed" is an example of willful spoliation. *Leon*, 464 F.3d at 959 (citation omitted).

The record amply shows Defendants' "disobedient conduct." From their willful destruction of evidence through March 2022, to their false deposition testimony and repeated noncompliance with Judge Kim's discovery orders, the Court is left with only one conclusion: Defendants acted intentionally and in bad faith to mislead Plaintiffs and deprive them of evidence relevant to their claims.

In response, Defendants state that "if [they] were going to engage in a broad spectrum campaign of deleting evidence, based off Plaintiffs' evidence destroying mastermind theory, Defendants would have done a better job." *Sanctions Opp.* 17:6–9 The Court, however, will not chalk Defendants' actions up to mere incompetence. True, the distinction between the two can sometimes be hard to pinpoint. And when viewed in isolation, many of Defendants' bad acts, such as the destruction of Valdivia's phone, could be excused as a mere lack of diligence, bad timing, or even bad luck. But taken together, the record shows a pattern of deceit, which shades all of Defendants' conduct. Given this pattern, the Court rejects Defendants' assertion that it innocently deactivated relevant e-mail accounts only one to two months before the action was filed. *See id.* at 7:5–15. Nor can the Court accept that Defendants coincidentally, rather purposefully, produced to Plaintiffs 95% of discovery (excluding the court-ordered forensic examination) after the motion cut-off date.

The Court therefore concludes that Defendants acted willfully and in bad faith.

   ii.  *Efficacy of Lesser Sanctions*

Courts must consider the efficacy of less severe sanctions by examining:

> (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

*Anheuser-Busch*, 69 F.3d at 352 (citation omitted). The Ninth Circuit has also recognized that default, as opposed to lesser sanctions, "is appropriate where a pattern of deception and discovery abuse made it impossible for the district court to conduct a trial with any reasonable assurance that the truth would be available," *see Valley Eng'rs Inc.*, 158 F.3d at 1057, or when lesser sanctions would not deter future wrongdoing, *see Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116–17 (9th Cir. 2004).

Such is the case here. First, Defendants' "pattern of deception and discovery abuse" is of the kind that necessarily infects the Court's ability to conduct trial "with any reasonable assurance that the truth would be available." *See Valley Eng'rs Inc.*, 158 F.3d at 1057. Defendants have demonstrated a willingness to lie under oath. *See Sanctions Mot.* 8:18–11:8. They have also purposefully withheld or destroyed key evidence, such that Plaintiffs cannot ascertain the full scope of Defendants' wrongful acts. For example, the forensic examination produced evidence that Defendants' alleged scheme against Plaintiffs may have extended beyond Pronto to two additional entities. *See id.* 7:7–15. Second, Defendants' discovery abuse persisted even after this Court and Judge Kim warned that sanctions, including terminating sanctions, may be imposed. *See Spoliation Order* at 7; *Nov. 2022 Hearing Tr.* 40–41; *Sanctions Order*. The Court is therefore convinced that lesser sanctions will not deter Defendants from engaging in similar conduct at trial. *Accord Computer Task Grp., Inc.*, 364 F.3d at 1116–17.

### iii. Prejudice

The Court also finds that Plaintiffs have been prejudiced by Defendants' actions. A party suffers prejudice when opposing party's actions "threaten to interfere with the rightful decision of the case." *Anheuser-Busch, Inc.*, 69 F.3d at 353–54. Defendants here have acted in such a manner as to obstruct Plaintiffs' ability to present a comprehensive case at trial. Specifically, some of the spoliated evidence was not restored or replaced. *See, e.g.*, *Forensic Report* 5. And because of the late proffer in December 2022, Plaintiffs have also been deprived an opportunity to depose other witnesses or even Defendants about the 259,000 pages of new evidence. As such, the Court cannot proceed to trial with confidence that Plaintiffs have had access to the true facts. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097.

Defendants also completely ignore that "[o]nce spoliation has been shown, . . . the burden shifts to the spoliating party to demonstrate that the non-spoliating party suffered no prejudice." *See Jerry Beeman & Pharmacy Servs., Inc. v. Caremark Inc.*, 322 F. Supp. 3d 1027, 1037 (C.D. Cal. 2018). But Defendants do not even attempt to meet their burden. For example, Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

provide no assurance in their papers or elsewhere that the destroyed evidence has been fully replaced. Instead, they essentially argue that any prejudice has been mitigated by the "last-minute tender of relevant documents" to Plaintiffs. *See G-K Props. v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647–48 (9th Cir. 1978). The Ninth Circuit, however, has rejected this argument and held that belated productions do not "cure the effects of discovery misconduct, *see, e.g.*, *id.*, especially because prejudice may be found, as a matter of law, when parties fail to produce or unreasonably delay discovery, *see Computer Task Grp., Inc.*, 364 F.3d at 1116. The Court thus finds that Plaintiffs have suffered sufficient prejudice to warrant the imposition of terminating sanctions.

      *iv.*    *Conclusion*

Because terminating sanctions are an extreme remedy, the Court does not issue them lightly. But the Court is convinced here that the remedy fits the wrong. *See* Fed. R. Civ. P. 37 advisory committee's notes to 2015 amendment. The Court thus imposes terminating sanctions pursuant to both its inherent authority and Rule 37.

      C.    <u>Monetary Sanctions</u>

Plaintiffs also ask this Court to order Defendants to pay Plaintiffs' reasonable attorneys' fees, deducting those fees already paid in compliance with Judge Kim's November 2, 2022, Sanctions Order. *See Sanctions Mot.* 24:3–25:15. "Monetary sanctions may be imposed where one party has wrongfully destroyed evidence." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d at 1078. Courts may also, under their inherent powers, "award . . . attorneys' fees against a party or counsel who acts in bad faith." *Leon*, 464 F.3d at 961 (citation omitted). But courts must first make "an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Id.* (citation omitted).

Having already concluded that Defendants' conduct was "tantamount to bad faith," the Court agrees that monetary sanctions are also warranted. But Plaintiffs are only entitled to reimbursement for attorneys' fees *reasonably* incurred in connection with this matter. Plaintiffs must therefore submit a request for a specific amount of fees, along with evidentiary support, for the Court's consideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-698 PSG (SKx) | Date | May 17, 2023 |
|---|---|---|---|
| Title | American Career College Inc., et al. v. Medina, et al. | | |

IV. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for sanctions and **ORDERS** the clerk of the Court to strike Defendants' answer and counterclaims and to enter default against Defendants Mario Oswaldo Medina, Roger Adolfo Ortiz, Rolando Valdivia, and Unete Healthcare Associates, L.L.C., d/b/a Pronto Wellness. The Court also **DENIES as moot** the parties' motions for partial summary judgment.

Finally, the Court **ORDERS** Plaintiffs to file a motion for default judgment and a request for attorneys' fees, along with sufficient evidentiary support, no later than **August 11, 2023**.

**IT IS SO ORDERED.**