# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| American Career College, Inc., a California corporation, and West Coast University, Inc., a California corporation<br><br>  Plaintiffs,<br><br>  v.<br><br>Mario Oswaldo Medina, Sr. a/k/a Mario Oswaldo Medina Ortiz, a/k/a Mario Oswaldo Ortiz, a/k/a Mario M Ortiz, a/k/a Mario Oswaldo Medino a/k/a, Mario Ortiz Medina, an individual; Roger Adolfo Ortiz, a/k/a Roger Ortiz, a/k/a Roger Aofl Ortiz, an individual; Rolando Valdivia, a/k/a Raul Valdez; a/k/a Raul Val, an individual; Unete Healthcare Associates, L.L.C, doing business as Pronto Wellness, a California limited liability company, and DOES 1 -100, inclusive.<br><br>  Defendants. | Case No. 2:21-CV-00698-PSG-SK<br><br>**JUDGMENT** |

**WHEREAS**, on May 17, 2023, in compliance with this Court's *Order GRANTING Plaintiffs' motion for sanctions and DENYING as moot Plaintiffs' and Defendants' motions for partial summary judgment* [252], the clerk of the Court struck Defendants Mario Oswaldo Medina ("Medina"), Roger Adolfo Ortiz ("Ortiz"), Rolando Valdivia ("Valdivia"), and Unete Healthcare Associates, L.L.C., d/b/a Pronto Wellness's ("Pronto Wellness") (collectively, "Defendants") answer and counterclaims, and entered default against Defendants on Plaintiffs American Career College, Inc. and West Coast University, Inc.'s (collectively, "Plaintiffs") operative complaint [253],

**WHEREAS**, on October 6, 2023, this Court issued an *Order GRANTING IN SUBSTANTIAL PART Plaintiffs' motion for default judgment (Dkt. # 256) and GRANTING Plaintiffs' motion for attorneys' fees (Dkt. # 257)* [298],

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED**, upon the findings of the Court, that Judgment is entered in favor of Plaintiffs and against Defendants, in accordance with this Court's previous *Order GRANTING IN SUBSTANTIAL PART Plaintiffs' motion for default judgment (Dkt. # 256) and GRANTING Plaintiffs' motion for attorneys' fees (Dkt. # 257)* [298]. The Court enters Judgment in favor of Plaintiffs and against Defendants, as follows:

1. Judgment is entered in favor of Plaintiffs and against all Defendants on the following causes of action in Plaintiffs' operative complaint [66]:

    a. <u>Second Cause of Action</u>: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961(5), 1962(b);

    b. <u>Third Cause of Action</u>: Conspiracy to Engage in a Pattern of Racketeering Pursuant to RICO, §§ 1961(5), 1962(d);

    c. <u>Fourth Cause of Action</u>: Misappropriation of Trade Secrets, Cal. Civ. Code §§ 3426 et seq.;

///

    d.    <u>Seventh Cause of Action</u>: Fraud and Deceit – Intentional Misrepresentation;

    e.    <u>Eighth Cause of Action</u>: Fraud and Deceit – Concealment; and

    f.    <u>Eleventh Cause of Action</u>: Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.

2. Judgment is entered in favor of Plaintiffs and against Defendants Mario Oswaldo Medina and Rolando Valdivia on the following causes of action in Plaintiffs' operative complaint [66]:

    a.    <u>Ninth Cause of Action</u>: Breach of Fiduciary Duty; and

    b.    <u>Twelfth Cause of Action</u>: Breach of Duty of Loyalty.

3. Judgment is entered in favor of Plaintiffs and against Defendants Roger Adolfo Ortiz and Unete Healthcare Associates, L.L.C., d/b/a Pronto Wellness, on the following causes of action in Plaintiffs' operative complaint [66]:

    a.    <u>Tenth Cause of Action</u>: Aiding and Abetting a Breach of Fiduciary Duty; and

    b.    <u>Thirteenth Cause of Action</u>: Aiding and Abetting Breach of Duty of Loyalty.

4. The Court **AWARDS** Plaintiffs **$2,043,219** in compensatory and treble damages, payable to Plaintiffs by Defendants.

5. The Court **AWARDS** Plaintiffs **$692,928** in restitution damages, payable to Plaintiffs by Defendants.

6. The Court **AWARDS** Plaintiffs **$340,536** in punitive damages, payable to Plaintiffs by Defendants.

7. The Court **AWARDS** Plaintiffs **$56,522** in prejudgment interest, payable to Plaintiffs by Defendants.

8. The Court **AWARDS** Plaintiffs **$2,800,497** in attorneys' fees, payable to Plaintiffs by Defendants.

9. Plaintiffs shall recover post-judgment interest from Defendants, to be "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," pursuant to 28 U.S.C. § 1961(a).

10. The Court issues an injunction, as follows:

   a. Plaintiffs' trade secrets are defined as any list or document that includes: Plaintiffs' strategy to develop key relationships with the healthcare institutions who were decision makers for highly sought-after clinical program placements; Plaintiffs' key contact information at the clinical program sites; Plaintiffs' lists of clinical program partners; details of Plaintiffs' contractual relationship with those clinical program sites; institutional history of Plaintiffs' relationship with those clinical programs; particular challenges and successes Plaintiffs have had with various healthcare industries; Plaintiffs' approaches to navigating the increasingly competitive clinical selection process; student enrollment information; Plaintiffs' strategic plans to outpace competitors; Plaintiffs' assessments of their own strengths and weaknesses; and their assessment of various clinical programs" ("Trade Secrets").

   b. Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, who receive actual notice of this injunction by personal service or otherwise are enjoined and restrained from using, selling, and/or disclosing Plaintiffs' Trade Secrets, including soliciting any business with any hospital or healthcare facility that Defendants knew or should know was

under contract with Plaintiffs during Valdivia and Medina's employment up through December 2020 for a duration of **two years**.

c. Defendants, within 48 hours of the judgment, shall return to Plaintiffs any and all documents, materials, and/or Trade Secrets that Defendants took from Plaintiffs without Plaintiffs' authorization or consent.

d. Defendants, within 72 hours of the judgment, shall purge any and all documents, materials, and/or Trade Secrets that Defendants took from Plaintiffs without Plaintiffs' authorization or consent.

e. Defendants, within 30 days of the judgment, shall file and serve upon Plaintiffs a sworn statement setting forth in detail the manner and form in which they have complied with this injunction.

**IT IS SO ORDERED.**

Dated: October 18, 2023         By: _____
                                    Hon. Philip S. Gutierrez
                                    United States District Judge