Miles D. Grant, Esq.     (SBN   89766)
Phillip A. Zunshine, Esq.  (SBN  339010)
**GRANT & KESSLER, APC**
1331 India Street
San Diego, CA 92101
Tel: 619-233-7078; Fax: 619-233-7036

Attorneys for Judgment Creditors American Career College, Inc and West Coast University, Inc

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CAREER COLLEGE, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>MARIO OSWALDO MEDINA, et al.<br><br>Defendants. | CASE NO. 2:21-CV-00698-PSG-SK<br><br>**JUDGMENT CREDITORS' EX PARTE APPLICATION FOR APPOINTMENT OF A SUB-CUSTODIAN OVER JUDGMENT DEBTOR'S JAGUAR**<br><br>**[No Hearing Required]** |

## RELEVANT FACTS

On October 18, 2023, this Court entered judgment in favor of American Career College, Inc and West Coast University, Inc (collectively, "Judgment Creditors") and against, among others, Roger Adolfo Ortiz ("Judgment Debtor"), for $5,933.702. ("Judgment").  (ECF #301).

On January 10, 2024, following the judgment debtor examination of Judgment Debtor, this Court entered a turnover order ("Turnover Order") requiring Judgment Debtor to turn his 2018 Jaguar F-Pace, CA Plate No. 8TWL378 ("Jaguar") over to the U.S. Marshals within three days so it could be sold at auction towards satisfaction

of the Judgment. (ECF #339).

For the next 10 days, Judgment Creditors communicated several times with the U.S. Marshal about coordinating delivery of the Jaguar. The U.S. Marshal confirmed that it would not take possession of the Jaguar despite the Turnover Order. Instead, the U.S. Marshal insisted that Judgment Creditors obtain a Court order appointing a sub-custodian to take possession of the Jaguar until the sale. (Decl. Zunshine,¶¶3-4).

Kevin De La Torre of United Carrier Towing has agreed to serve as sub-custodian of the Jaguar until the U.S. Marshals' sale. United Carrier Towing is a tow yard in Los Angeles that will store the Jaguar until the sale. (Decl. Zunshine,¶6).

Once the order for a sub-custodian is signed, Judgment Creditors will instruct Judgment Debtor to immediately deliver the Jaguar to the sub-custodian. Judgment Creditors will then coordinate delivery of the Jaguar to the U.S. Marshal on the date and time of the sale.

## NEED FOR EX PARTE RELIEF

The Turnover Order required Judgment Debtor to turn the Jaguar over to the U.S. Marshal within three days, or by January 13. But the U.S. Marshals have refused to accept delivery of the Jaguar without appointment of a sub-custodian.

Judgment Creditors cannot make this application on regular noticed motion because, during that time, Judgment Debtor may damage the Jaguar, get into an accident (he testified at the judgment debtor examination that it has been in four accidents), or dispose of the Jaguar. Further, there is no reason to have this application heard on noticed motion because Judgment Debtor does not have standing to oppose the request. The Turnover Order was already issued by the Court and a sub-custodian is simply necessary to satisfy the U.S. Marshal's requirement.

On January 22, Judgment Creditors provided notice to Judgment Debtor of this *ex parte* application. (Decl. Zusnhine, ¶7).

/ / /

/ / /

# CONCLUSION

Judgment Debtor was ordered to turn the Jaguar over to the Marshals, but the Marshals will not accept the Jaguar. Instead, the Marshals are requiring Judgment Creditors to arrange for a sub-custodian to take possession of the Jaguar until the sale. Because Judgment Creditors have no way to effectuate the Turnover Order without an order for a sub-custodian, Judgment Creditors request that this Court appoint Kevin De La Torre of United Carrier Towing to act as sub-custodian of the Jaguar until the Jaguar is sold by the U.S. Marshal.

Dated: January 22, 2024              GRANT & KESSLER, APC

                                     By: */s/ Phillip A. Zunshine*
                                        Phillip A. Zunshine
                                        Attorneys for Judgment Creditors

X:\Data\01-423\C-Motions\XP App re Sub-Custodian\XP App.docx